UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CALEB CEDANT,

                          Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer JOHN PALASTRO, Shield No. 9367; Police Officer STEVE A. RICHARDS, Shield No. 2946; Police Officer ELVIS D. ALCIVAR, Shield No. 29226; Police Officer ROMAN VILNYANKSIY, Shield No. 12874; Sergeant TIMOTHY GLENT, Shield No. 1215; Police Officer KARL PATTELLI, Shield No. 15304; Police Officer MARTIN CUNNINGHAM, Shield No. 13201; and JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 4791 (FB) (RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Caleb Cedant ("plaintiff" or "Mr. Cedant") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer John Palastro, Shield No. 9367 ("Palastro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Palastro is sued in his individual and official capacities.

10. Defendant Police Officer Steve A. Richards, Shield No. 2946 ("Richards"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Richards is sued in his individual and official capacities.

11. Defendant Police Officer Elvis D. Alcivar, Shield No. 29226 ("Alcivar"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alcivar is sued in his individual and official capacities.

12. Defendant Police Officer Roman Vilnyanskiy, Shield No. 12874 ("Vilnyanskiy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vilnyanskiy is sued in his individual and official capacities.

13. Defendant Sergeant Timothy Glent, Shield No. 1215 ("Glent"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Glent is sued in his individual and official capacities.

14. Defendant Police Officer Karl Pattelli, Shield No. 15304 ("Pattelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pattelli is sued in his individual and official capacities.

15. Defendant Police Officer Martin Cunningham, Shield No. 13201 ("Cunningham"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cunningham is sued in his individual and official capacities.

16. At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

17. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

18. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19. At approximately 2:15 a.m. on July 30, 2013, Mr. Cedant was viciously beaten by defendant officers in the vicinity of Woodruff Avenue and Saint Paul's Place in Brooklyn, New York.

20. Defendants tackled Mr. Cedant and, once on the ground, began to beat him about his head and face with their fists and batons.

21. Defendants kicked Mr. Cedant as he lay helpless on the ground.

22. Mr. Cedant suffered multiple injuries at the hands of defendants, including an orbital fracture of his left eye.

23. Despite plaintiff's obvious injuries, defendants took Mr. Cedant to a

police precinct instead of to a hospital for treatment.

24. Plaintiff remained at the precinct for an extended period of time, bloodied and in significant pain, before defendants finally contacted EMS.

25. Mr. Cedant was taken to Maimonides Hospital and Kings County Hospital Center where he was treated and released.

26. Mr. Cedant required follow-up treatment for his injuries and continues to suffer pain and discomfort.

27. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

28. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

29. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

30. Mr. Cedant suffered damage as a result of defendants' actions, including emotional distress, mental anguish, fear, pain, bodily injury and anxiety.

## FIRST CLAIM
### Unreasonable Force

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

36. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

37. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Negligent Hiring, Training & Retention

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

40. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

41. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

42. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, and failing to prevent other defendants from doing so, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

46. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

47. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Infliction of Emotional Distress

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, and failing to prevent other defendants from doing so, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

51. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

52. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

56. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      January 8, 2015
            New York, New York

                                    HARVIS WRIGHT & FETT LLP

                                    _____
                                    Gabriel Harvis
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    gharvis@hwf.nyc

                                    *Attorneys for plaintiff*